**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**YOANCE CASTANEDA RAMIREZ,**

    *Petitioner*,

**v.**                                    **Case No. 5:26-CV-1160-JKP**

**MIGUEL VERGARA, et al.,**

    *Respondents*.

**ORDER GRANTING**
**<u>PETITION FOR WRIT OF HABEAS CORPUS</u>**

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. § 2241. Respondents (sometimes referred to as "the Government") have filed a response to which Petitioner did not initially file a reply. Petitioner has filed a Motion to Expedite (ECF No. 8). And the Court recently granted as uncontested a motion for leave to file reply out of time. *See* ECF No. 13. Consequently, Petitioner has now filed a reply brief. *See* ECF No. 14. The petition and motion are ready for ruling.

Through prior counsel, Petitioner moves to expedite on grounds that case has been ripe since March without a court ruling. A week prior to the motion, Petitioner, without assistance of counsel, filed an advisory also seeking a status update or ruling from the Court. Petitioner indicated that his attorney was "no longer communicating with him" and that there had been an "absence of meaningful communication from former counsel." Nevertheless, at that time, counsel remained the only attorney of record. This Court does not permit hybrid representation, i.e., representation by counsel while also making pro se filings. Regardless, given the hundreds of similar habeas actions pending in this Court, neither counsel nor Petitioner provides any basis to expedite. At this point, the Court denies the motion as unnecessary because it has already expedited this matter to the extent possible through its standard practice with habeas petitions.

Further, as recently discussed in a different case, *see Sharif-Zoi v. Thompson*, No. 5:26-CV-0833-JKP (W.D. Tex. Aug. 10, 2026) (Order Denying Motions), the nature of asserted claims may impact when the Court is able to issue a reasoned opinion on a given claim. In this case, Petitioner initially asserted a single claim—a Fifth Amendment due process claim seemingly premised only on the prolonged nature of his detention. But as discussed in *see Sharif-Zoi*, this Court has yet to take a position on such a claim, and such a claim is currently in an uncertain posture given recent events at the Fifth Circuit, *see Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.) (affirming habeas relief on a claim of prolonged detention), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026) (vacating opinion for en banc review). While claims based on prolonged detention may be closely analogous to the due process claims that have resulted in grants of release by this Court, the analysis of this Court has not focused or addressed the length of any such detention. It has instead focused on pre-detention due process that is required for those who have established significant contacts or presence in the United States and/or on pre-detention due process that is required for those who are detained while complying with an active immigration release. The uncertainty of the asserted prolonged detention claim slowed a decision in this case because Petitioner did not appear to have asserted any claim that would have garnered a more expeditious grant of relief.

That changed, however, when a new attorney entered an appearance in this case, moved for leave to file a reply brief out of time, and provided additional facts and clarification of the asserted claim of Petitioner. In the reply, counsel clearly articulated that the asserted due process claim extends beyond mere prolonged detention. With the clarification from the reply, it is clear that Petitioner claims that Respondents have violated procedural due process rights under the Fifth Amendment based on a significant presence in the United States and/or an improper revocation of release. Through their response in opposition to the petition, Respondents assert their typical

arguments against due process claims in general—they do not focus or make arguments against prolonged detention specifically.

Not only does *Sosnava Rodriguez* create uncertainty as to a prolonged detention claim, the en banc Fifth Circuit also issued a Published Order that granted a stay "of the district court judgments pending rehearing en banc." *See Sosnava Rodriguez v. Ortega*, ___ F.4th ___, ___, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026) (per curiam). This stay has created some uncertainty as to its scope, with the Government arguing in other cases that courts "should refrain from ordering habeas relief on due process grounds until the Fifth Circuit has resolved Sosnava Rodriguez on rehearing." *See Perozo-Mata v. Blanche*, ___ F. Supp. 3d ___, ___, No. 4:26-CV-05679, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026). While courts have approached the stay differently, with some proceeding with their due process analyses that preceded the panel decision in *Sosnava Rodriguez*, this Court is not aware of any order, decision, or opinion of the Fifth Circuit which indicates that the Circuit agrees with the Government's position as to the scope of the stay. Unless and until the Fifth Circuit provides guidance as to the scope of the stay, this Court agrees with the analysis of the issue in *Perozo-Mata*. There is no reason to restate that analysis here. Suffice to say, the stay imposed by the Fifth Circuit does not preclude this Court from granting habeas relief on a due process claim.

After reviewing the briefing, provided evidence, and applicable law, the Court grants the petition based on the law as set out and analyzed in *Longoria Mendoza v. Noem*, 823 F. Supp. 3d 636 (W.D. Tex. 2026) and numerous other cases decided by the undersigned. While there are differences between this case and *Longoria Mendoza*, none warrant a different result. For reasons previously stated in *Longoria Mendoza*, the Court finds that (1) it has jurisdiction to consider the arguments presented in the instant habeas petition; (2) any asserted failure to exhaust administrative remedies is excused; (3) Respondents have violated Petitioner's procedural due process rights;

3

and (4) fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 are not available in habeas corpus proceedings like this one. The Court treats the instant action solely as a habeas action under 28 U.S.C. § 2241 and declines to consider any claim other than the alleged violation of procedural due process as clarified in the reply brief. The Court has considered the arguments Respondents make in their response and rejects them for reasons stated in prior cases.

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus (ECF No. 1). It **DENIES** the Motion to Expedite (ECF No. 8). Under the facts and circumstances of this case, this Court concludes Petitioner's detention is unlawful, and habeas relief is proper. Because Petitioner has no known criminal history, had been complying with the terms of a prior release, and there is no indication of flight risk or danger to the community, it is **ORDERED** that:

1. **On or before August 14, 2026**, Respondents shall **RELEASE Petitioner Yoance Castaneda Ramirez** from custody to a public location, under conditions no more restrictive than those in place before the detention at issue.

2. Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3. Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4. No later than the next business day after the ordered release date, Respondents shall **FILE** a status report to confirm whether Petitioner has been released. If counsel for Petitioner disagrees with any aspect of the filed Status Report, counsel may file a separate Status Report.

A final judgment will be issued separately.

**IT IS SO ORDERED** this 12th day of August 2026.

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

4